IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RINGERS TECHNOLOGIES LLC DBA RINGERS GLOVES, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. _____ |
| v. | § § | |
| ROUGHNECK CITY LLC, | § | **JURY DEMANDED** |
| Defendant, | § § | |
| CURTIS HAGEN, | § | |
| Defendant. | § § | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, AND UNJUST ENRICHMENT**

Plaintiff Ringers Technologies LLC DBA Ringers Gloves ("Plaintiff"), appearing through its undersigned counsel, alleges as follows:

**NATURE OF ACTION AND JURISDICTION**

1. This is an action for trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"); and trademark infringement, unfair competition, and unjust enrichment under Texas common law.

2. This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121 and Chapter 85 of the Judiciary and Judicial Procedure Code, 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

3. The Court has personal jurisdiction over Defendants as they purposefully availed themselves of benefits of conducting business in Texas by selling infringing products in this State and Judicial District. Venue in this Judicial District is proper under 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff, Ringers Technologies LLC DBA Ringers Gloves ("Ringers") maintains its principal office at 3443 North Sam Houston Parkway West, Suite 500, Houston, TX 77086.

5. Defendant Roughneck City is an Oklahoma entity with a principal place of business at 109 S. Magnolia Ave., Erick, OK 73645.

6. Defendant Curtis Hagen is an individual residing in Erick, Oklahoma. Mr. Hagen owns 99% of Roughneck City LLC and personally participates in and directs the company's activities (together with Roughneck City "Defendants").

## FACTS

### A. RINGERS AND ITS TRADEMARK "ROUGHNECK"

7. In accordance with the provisions of federal law, Ringers has registered the ROUGHNECK Mark on the Principal Register of the United States Patent and Trademark Office. See U.S. Reg. Nos. 4,477,642. This registration is valid and subsisting. A true and correct copy of this registration is attached hereto as Exhibit A.

8. Ringers offers a range of premium industrial gloves used in a wide range of demanding environments and industries including mining, oil & gas, mechanical, and tactical applications.

9. Since at least 2008, Ringers has used the ROUGHNECK Mark, shown below (the "Mark"), in connection with its high-quality and highly-successful gloves.



Representative printouts from Ringers' website and other marketing materials showing Ringers' "Roughneck" gloves are attached hereto as Exhibit B.

10. Ringers' ROUGHNECK Mark and distinctive glove designs readily serve to identify and indicate the source of the Plaintiff's glove products to the consuming public.

11. As a result of Ringers' long use and promotion of the ROUGHNECK Mark, the Mark has become distinctive to distinguish Ringers and its glove products from those of others, and to distinguish the source or origin of Ringers' products and services. As a result of these efforts by Ringers, the consuming public in Texas and throughout the United States widely recognizes and associates the ROUGHNECK Mark with Ringers.

12. As a result of Ringers' use and promotion of the ROUGHNECK Mark in Texas and elsewhere, Ringers has acquired valuable common law rights in the ROUGHNECK Mark.

B. DEFENDANTS' INFRINGING ACTIVITIES

13. Defendants operate an online retail store, offering various oilfield-related

products and services through the website www.roughneckcity.com.

14. Defendants promote a line of "Oilfield Gloves," shown below, on at least its website under the mark "IRON ROUGHNECK."



### Iron Roughneck Oilfield Gloves -$17.95

**CE 4343 RATING** RATED WELL ABOVE GLOVES PRICED AT 59.99 A PAIR!

**Superior Impact Injury and Cut Protection**

WHY WOULD YOU PAY 3 TIMES THE PRICE FOR A GLOVE THAT OFFERS 1/2 THE PROTECTION?
Folks you could buy 3 pair of IRON ROUGHNECK Gloves for what you are paying for a lesser quality $59.95 glove!

Our gloves will out perform and outlast our competitors gloves that are priced at $59.95!

**Impact Injury Preventing Oilfield Gloves With Enhanced Cut Protection**

- Laminated palm with DuPont™ Kevlar for added cut and puncture protection
- Increased TPR back-of-hand protection reduces impact injuries
- Double stitched palm with Kevlar thread greatly increases palm life
- **All back-of-hand TPR protection sewn directly into glove for better durability**
- Oil resistant palm designed for maxium grip and dexterity
- Designed to match the natural contours of the hand for a comfortable fit
- Heavy neoprene cuff offers a secure fit while resisting snagging
- **We sell direct from our factory to you avoiding unnecessary mark ups from wholesalers and distributors providing you with savings over 60%!**
- High-Viz green for optimal hand visibility
- Available in sizes S M L XL 2XL and 3XL

Representative printouts from Defendants' website showing Defendants' "Iron Roughneck Oilfield Gloves" are attached hereto as Exhibit C.

15. Defendants' "Oilfield Glove" designs and colors and adopted "IRON ROUGHNECK" mark are confusingly similar to Plaintiff Ringers' ROUGHNECK gloves and registered ROUGHNECK Mark.

16. Defendants prominently feature its Iron Roughneck gloves on Defendants' website.

17. Defendants are using the Iron Roughneck mark in commerce.

18. Defendants are not affiliated with or sponsored by Ringers and have not been authorized by Ringers to use the ROUGHNECK Mark or any confusingly similar marks in relation to gloves.

19. Ringers has notified Defendants of Ringers' rights in the ROUGHNECK Mark, and made numerous attempts over several months to negotiate resolution of this dispute with Defendants prior to filing this lawsuit. Defendants unduly prolonged and ultimately stalled the negotiation process by seeking escalating settlement concessions from Ringers. Despite Ringers' attempts to resolve this matter with Defendants amicably, Defendants has not ceased using its Iron Roughneck mark.

C. EFFECT OF DEFENDANTS' ACTIVITIES

20. Defendants' unauthorized use of the Iron Roughneck mark is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, at least as to some affiliation, connection or association of Defendants with Ringers, or as to the origin, sponsorship, or approval of Defendants' products and services by Ringers.

21. Defendants' unauthorized use of the Iron Roughneck mark falsely designates the origin of its products and services, and falsely and misleadingly describes and represents facts with respect to Defendants and its products and services.

22. Defendants' unauthorized use of the Iron Roughneck mark enables Defendants to trade on and receive the benefit of goodwill built up at great labor and expense by Ringers, and to gain acceptance for its products and services not solely on its own merits, but on the

reputation and goodwill of Ringers, its ROUGHNECK Marks, and its products.

23.     Defendants deliberately seek to profit from treading on the goodwill of other successful brands and products.  As shown in the side-by-side pictures below, the Iron Roughneck gloves are essentially knock-offs of Ringers' successful ROUGHNECK brand gloves.



Ringers' ROUGHNECK glove        Defendants' Iron Roughneck glove



Ringers' ROUGHNECK glove      Defendants' Iron Roughneck glove

24. Defendants' unauthorized use of the Iron Roughneck Mark unjustly enriches Defendants at Ringers' expense. Defendants have been and continue to be unjustly enriched by obtaining a benefit from Ringers by taking undue advantage of Ringers and its goodwill. Specifically, Defendants has taken undue advantage of Ringers by trading on and profiting from the goodwill in the ROUGHNECK Mark and in the glove-related trade dress developed and owned by Ringers, resulting in Defendants wrongfully obtaining a monetary and reputational benefit for its own business and services.

25. Defendants' unauthorized use of the Iron Roughneck mark removes from Ringers the ability to control the nature and quality of products and services provided under the ROUGHNECK Mark, and places the valuable reputation and goodwill of Ringers in the hands of Defendants, over whom Ringers has no control.

26. Unless these acts of Defendants are restrained by this Court, they will

continue, and they will continue to cause irreparable injury to Ringers and to the public for which there is no adequate remedy at law.

## COUNT I:  FEDERAL TRADEMARK INFRINGEMENT

27.  Plaintiff repeats the allegations above as if fully set forth herein.

28.  The acts of Defendants complained of herein constitute infringement of Ringers' federally registered ROUGHNECK Mark in violation of 15 U.S.C. § 1114(1).

29.  Defendants' acts complained of herein have been deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of Ringers' rights in the ROUGHNECK Mark, and with intent to cause confusion and to trade on Ringers goodwill in the ROUGHNECK Mark.  In view of the egregious nature of Defendants' infringement, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## COUNT II:  FEDERAL UNFAIR COMPETITION

30.  Plaintiff repeats the allegations above as if fully set forth herein.

31.  The acts of Defendants complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT III:  COMMON LAW TRADEMARK INFRINGEMENT

32.  Plaintiff repeats the allegations above as if fully set forth herein.

33.  The acts of Defendants complained of herein constitute trademark infringement in violation of the common law of the State of Texas.

## COUNT IV:  COMMON LAW UNFAIR COMPETITION

34.  Plaintiff repeats the allegations above as if fully set forth herein.

35.  The acts of Defendants complained of herein constitute unfair competition in violation of the common law of the State of Texas.

## COUNT V:  UNJUST ENRICHMENT

36. Plaintiff repeats the allegations above as if fully set forth herein.

37. The acts of Defendants complained of herein constitute unjust enrichment of Defendants at the expense of Ringers.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that:

(a) Defendants, its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be permanently enjoined and restrained from using the Iron Roughneck mark and any other mark that is confusingly similar to Ringers' ROUGHNECK Mark, and from any attempt to retain any part of the goodwill misappropriated from Ringers;

(b) Defendants be ordered to take all steps necessary to destroy any products bearing the Iron Roughneck mark;

(c) Defendants be ordered to file with this Court and to serve upon Plaintiff, within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants has complied with the injunction;

(d) Plaintiff recover all damages it has sustained as a result of Defendants' activities, and that said damages be trebled;

(e) An accounting be directed to determine Defendants' profits resulting from its activities and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case;

(f)  Plaintiff recover its reasonable attorney fees;

(g)  Plaintiff recover its costs of this action and prejudgment and post-judgment interest; and

(h)  Plaintiff recover such other relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiff demands a jury trial in accordance with Federal Rule of Civil Procedure 38(b).

DATED:  June 4, 2014                                      Respectfully submitted,

*/s/ Craig S. Jepson*
Craig S. Jepson
Texas State Bar No. 24061364
**REED & SCARDINO LLP**
301 Congress Avenue, Suite 1250
Austin, TX 78701
Tel. (512) 474-2449
Fax (512) 474-2622
cjepson@reedscardino.com

**ATTORNEY FOR PLAINTIFF
RINGERS TECHNOLOGIES LLC DBA
RINGERS GLOVES**